**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

| | |
|---|---|
| ROKU, INC., | |
| Plaintiff, | Civil Action No. 1:26-cv-1127 (MSN/WBP) |
| v. | OPPOSITION TO MOTION TO DISMISS |
| UNITED STATES PATENT AND TRADEMARK OFFICE, and JOHN A. SQUIRES, in his official capacity performing the functions and duties of the Under Secretary of Commerce for Intellectual Property and Director, United States Patent and Trademark Office, | Administrative Procedure Act Case |
| Defendants. | |

**PLAINTIFF ROKU, INC.'S RESPONSE IN OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ……………………..…………………………………….....iii

I.  INTRODUCTION ……………………..………………………………………………..1

II.  BACKGROUND……………………………………………………………………....3

    A.  The Patent System……………………………………………………………..3

    B.  Roku's Reexamination Request and the Patent Office's Unexplained Reversal ……..4

    C.  Roku's Complaint and the Limited Relief It Seeks ……………………………......5

III.  ARGUMENT………………………………………………………………………...6

    A.  Legal Standards for a Motion to Dismiss…………………………………………...6

    B.  This Court Has Jurisdiction Over Roku's Claim …………………………………...6

        1.  Roku's Claim Challenges the USPTO's Reasoning, Not Patentability………..6

        2.  The Presumption Favoring Judicial Review Applies, and Section 306 Does Not Displace It ………………………………………………………………..7

        3.  Caselaw From the Federal Circuit and This District Permits Review of an Unexplained Reexamination Decision …………………………………………10

    C.  Each of the Government's Arguments Depends on Recharacterizing Roku's Claim as a Challenge to Patentability ……………………………………………………………13

        1.  *Syntex* Does Not Reach a Challenge to the Agency's Reasoning…………….13

        2.  Neither Section 303(c) nor Section 306 Bars a Claim Directed to the Agency's Explanation …………………………………………………………………..15

        3.  The *Bazooka-Farmstar* Plaintiff Sought a Ruling on Patentability; Roku Does Not…………………………………………………………………………17

    D.  The Government Does Not Dispute That Roku's APA Allegations Are Sufficient…18

IV.  CONCLUSION.……………………………..……………………………………………18

# TABLE OF AUTHORITIES

**Cases**

*Adams v. Bain*,
697 F.2d 1213 (4th Cir. 1982) …………….…………………………………………………6

*Alarm.com v. Hirshfeld*,
26 F.4th 1348 (Fed. Cir. 2022) ….……………………………………………………*Passim*

*Allentown Mack Sales & Serv. v. NLRB*,
522 U.S. 359 (1998)………..……………………………………………..…...6, 7, 12

*Bacardi & Co. v. United States PTO*,
104 F.4th 527 (4th Cir. 2024)...……………………………………………………….10

*Biden v. Texas*,
597 U.S. 785 (2022)………………………………………………………...1, 14

*Block v. Cmty. Nutrition Inst.*,
467 U.S. 340 (1984)…..………………………………………………………..14, 17

*BMW of N. Am., LLC v. Vidal*,
24-cv-235-PGT-WEF, 2025 U.S. Dist. LEXIS 55607 (E.D. Va. Mar. 25, 2025)………..…*Passim*

*Cuozzo Speed Techs., LLC v. Lee*,
579 U.S. 261 (2016)……………………………………………………………….2

*DHS v. Regents of the Univ. of Cal.*,
591 U.S. 1 (2020)……………………………………………………………..1, 13

*Ethicon, Inc. v. Quigg*,
849 F.2d 1422 (Fed. Cir. 1988)...……………………………………………...*Passim*

*In re Vivint, Inc.*,
14 F.4th 1342 (Fed. Cir. 2021)………………………………………………………….7

*Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*,
463 U.S. 29 (1983) ..…………………………………………………………1, 2, 6, 7

*Sackett v. EPA*,
566 U.S. 120 (2012)………………………………………………………...9, 16

*SAS Inst., Inc. v. Iancu*,
584 U.S. 357 (2018)..…………………………………………………...3, 7

*SEC v. Chenery Corp.*,
332 U.S. 194 (1947)……………………………………………………………………...1, 14

*Syntex (U.S.A.) Inc. v. U.S. Patent & Trademark Office*,
882 F.2d 1570 (Fed. Cir. 1989)..……………………………………………………*Passim*

*Thryv, Inc. v. Click-To-Call Techs., LP*,
590 U.S. 45 (2020)…………………………………………………………………………3

**Federal Statutes**

5 U.S.C. § 701(a)(1)..………………………………………………………………..7

5 U.S.C. § 702…………………………………………………………………………7, 10

5 U.S.C. § 703…………………………………………………………………………....10

5 U.S.C. § 704.………………………………………………………………………...10

5 U.S.C. § 705...………………………………………………………………………....10

5 U.S.C. § 706.…………………………………………………………………………10

35 U.S.C. § 134.…………………………………………………………………………8

35 U.S.C. § 134(b) …………………………………………………………………...15, 17

35 U.S.C. § 141.…………………………………………………………………………8

35 U.S.C. § 141(b).…………………………………………………………………15, 17

35 U.S.C. § 142.…………………………………………………………………….……8

35 U.S.C. § 143.…………………………………………………………………………8

35 U.S.C. § 144.…………………………………………………………………………8

35 U.S.C. § 302.…………………………………………………………………………..3

35 U.S.C. § 303(c).……………………………………………………………*Passim*

35 U.S.C. § 304.…………………………………………………………………………...7

35 U.S.C. § 305.…………………………………………………………………………...3

35 U.S.C. § 306…………………………………………………………………………..*Passim*

35 U.S.C. § 315(e)...…………………………………..…………………………………………10

35 U.S.C. § 325(d)...…………………………….…………………………………………11

**Rules**

Fed. R. Civ. P. 12(b)(1)...………………………………….………………………………………...6

**Other Authorities**

Reply Memorandum of Law in Support of Defendants' Motion to Dismiss (Ex. C), *Bazooka-Farmstar, LLC v. Squires*, 25-cv-02178 (E.D. Va. Mar. 2, 2026), ECF 22……………….11, 12, 15

Complaint (Ex. D), *Bazooka-Farmstar, LLC v. Squires*, 25-cv-02178 (E.D. Va. Nov. 25, 2025), ECF 1……………………………………………………………………………………....18

## I.    INTRODUCTION

Roku does not ask this Court to decide whether the '584 Patent claims are patentable. It asks only that the agency do the analysis the law requires, and show its work.

That distinction decides this motion. Start with what the Administrative Procedure Act requires: Every agency must "articulate a satisfactory explanation for its action including a rational connection between the facts found and the choice made." *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983) (cleaned up). In a patent reexamination, that means addressing the patentability of the challenged claims on a claim-by-claim, ground-by-ground basis, precisely the analysis this Court held the Patent Office must perform in *BMW of North America, LLC v. Vidal*.[1] But a court reviewing whether the agency articulated a satisfactory rationale plays a limited role. It does not assess the merits or second-guess the agency's judgment or substitute its own; it asks only whether the agency offered a reasoned explanation for whatever result it reached. And that limited role dictates the remedy when the agency fails to show its work: The court simply "remand[s] for the agency" to do the analysis and offer a rational explanation. *DHS v. Regents of the Univ. of Cal.*, 591 U.S. 1, 20 (2020). So a suit like Roku's takes nothing away from the agency. On remand the Patent Office "is entitled to reexamine the problem, recast its rationale and [even] reach the same result." *Biden v. Texas*, 597 U.S. 785, 813 (2022) (quoting *SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947)). It simply has to do the work first.

That is all Roku seeks. What the agency did here was remarkable for what it left out: no claim-by-claim analysis, no ground-by-ground reasoning, nothing to show it engaged the questions a reexamination puts to it. But Roku's suit challenging that remarkable omission is an

---

[1] 24-cv-235-PGT-WEF, 2025 U.S. Dist. LEXIS 55607 (E.D. Va. Mar. 25, 2025).

entirely unremarkable invocation of the APA, the kind of case courts routinely resolve when an agency fails to do and explain what the law requires.

The government's motion never engages that claim. It argues instead that 35 U.S.C. § 306 slams the courthouse door on any third-party reexamination requester, full stop. But § 306 does no such thing. It governs one thing only: substantive review of the final patentability decision, reserved to the patent owner, in the Federal Circuit. It says nothing about whether a district court may ask the threshold question every agency must answer: Whether the agency articulated "a rational connection between the facts found and the choice made." *State Farm*, 463 U.S. at 43 (cleaned up). The government transforms a narrow channel for one kind of review into a towering wall against every other kind. But the Federal Circuit rejected that move in *Alarm.com*,[2] and the government's theory squarely conflicts with the settled presumption of judicial review, a presumption overcome only upon a showing of "clear and convincing indications . . . that Congress intended to bar review." *Cuozzo Speed Techs., LLC v. Lee*, 579 U.S. 261, 273 (2016) (cleaned up). Had Congress meant to let the Patent Office confirm or cancel patents without ever explaining itself, immune from the review every other agency faces, it would have said so. It did not.

Rather than join issue with the statute, the government rests its argument entirely on *Syntex*.[3] But *Syntex* holds only that a requester cannot use the APA as a backdoor to relitigate the *result* of a reexamination. Roku does not challenge the result. It challenges the agency's silence on the very analysis a reexamination requires: the claim-by-claim, ground-by-ground reasoning that *BMW* holds the Patent Office must provide. Because the relief Roku seeks would leave the

---

[2] *Alarm.com v. Hirshfeld*, 26 F.4th 1348 (Fed. Cir. 2022).

[3] *Syntex (U.S.A.) Inc. v. U.S. Patent & Trademark Office*, 882 F.2d 1570 (Fed. Cir. 1989).

2

agency free to reach the very same conclusion—assuming it could offer a rational explanation supporting that conclusion—Roku's garden-variety APA claim is no attack on the outcome, and *Syntex* has nothing to say about it.

The Court has jurisdiction. The motion should be denied.

## II.     BACKGROUND

### A.      The Patent System

Companies like Roku depend on the U.S. patent system to provide strong legal protection for meritorious patent claims and to "weed out bad patent claims efficiently," without expensive litigation. *Thryv, Inc. v. Click-To-Call Techs., LP*, 590 U.S. 45, 54 (2020); ECF 1, Compl., ¶ 28.

To achieve these goals, and to ensure that bad patents do not inhibit innovation and competition, Congress enacted parallel administrative processes for parties to seek review of the patentability of an issued patent claim: *ex parte* reexamination and *inter partes* review. *Thryv*, 590 U.S. at 54; *SAS Inst. v. Iancu*, 584 U.S. 357, 360 (2018); ECF 1 ¶ 29.

"Any person at any time" may request that the Patent Office reexamine the patentability of an issued patent claim, through *ex parte* reexamination. 35 U.S.C. § 302; ECF 1 ¶ 30. If the Director concludes that a request raises a substantial new question of patentability, the Director must order an *ex parte* reexamination. 35 U.S.C. §§ 303-305; ECF 1 ¶ 30. And the patent owner may appeal any decision adverse to the patent. 35 U.S.C. § 306.

The government's motion focuses on two reexamination statutes, § 303(c) and § 306, which are notable for what they do not say. Neither mentions the APA, the reasoned decision making requirement it imposes, or a third-party requester's ability to seek judicial review of the Patent Office's failure to explain a reexamination decision. Section 303(c) states that the Patent Office's determination that "no substantial new question of patentability has been raised will be

final and nonappealable." Section 306 states that the patent owner may seek review of "any decision adverse to the patentability" of the patent claims at issue in the reexamination.

The Federal Circuit most recently interpreted these statutes in *Alarm.com v. Hirshfeld*, 26 F.4th 1348, 1355-1362 (Fed. Cir. 2022). In *Alarm.com*, the Federal Circuit reversed the district court's dismissal and held that the district court had jurisdiction over the plaintiff's APA claim against certain Patent Office determinations in an *ex parte* reexamination. *Id.* at 1351. The same result should apply here.

**B.     Roku's Reexamination Request and the Patent Office's Unexplained Reversal**

In the reexamination, the Patent Office finally rejected all claims of U.S. Patent 10,972,584 ("the '584 Patent"). ECF 1 ¶¶ 45-46. But in response to the patent owner's appeal brief to the Patent Office's Patent Trial and Appeal Board, the Patent Office issued the March 26, 2026 decision ("the '584 Decision") reversing the rejections. ECF 1-1; ECF 1 ¶¶ 49-55.[4]

The '584 Decision took up only seven pages. ECF 1 ¶ 12. And in those pages, the Patent Office only stated in conclusory fashion that the longstanding rejections of the claims that were the subject of the reexamination were "no longer tenable." *Id.* ¶¶ 4, 52. But the Patent Office never explained what construction of the claims it was relying on in reaching this conclusion or what elements of the claims were supposedly not shown in the prior art. *Id.* ¶ 4. To the contrary, the Patent Office failed to provide any analysis of the prior art that would allow Roku (or any member of the public) to know the basis for the Patent Office's decision, let alone ground-by-ground analysis of the nine separate grounds of rejection present in the reexamination and prior substantial new questions of patentability found by the Patent Office. *Id.*

---

[4] The Patent Office has not yet issued a Reexamination Certificate for the '584 Patent. Ex. A, Patent Office Docket for the '584 Reexam.

This Court's *BMW* decision requires the Patent Office to analyze (i) each rejection of a claim (ii) on a "ground-by-ground basis." 2025 U.S. Dist. LEXIS 55607, at *12, 20. The '584 Decision does neither: it does not address each rejection of a claim, and it does not analyze the decision on a ground-by-ground basis. Nor does it address each substantial new question of patentability already found by the Patent Office. ECF 1 ¶ 55. As the '584 Decision is written, no court can discern how the Patent Office could terminate the '584 *Ex Parte* Reexamination ("'584 Reexam")—despite having finally rejected all claims on multiple grounds and having acknowledged multiple substantial new questions of patentability. *Id*.

**C.      Roku's Complaint and the Limited Relief It Seeks**

On April 27, 2026, Roku filed its Complaint against the government. ECF 1. Roku's Complaint contains one Count against the government for final agency action in violation of the APA. ECF 1 ¶¶ 80-87. Roku's Complaint honored the careful statutory scheme and sought a limited review challenging not the merits of the '584 Decision but only the inadequacy of the Patent Office's decision-making process. *Id.* ¶¶ 85-87.

Roku requested that the Court declare the '584 Decision arbitrary and capricious, set aside the '584 Decision, and remand the '584 Reexam to the Patent Office for further proceedings consistent with this Court's order. ECF 1, at 20-21 (Prayer for Relief). In other words, Roku requested that the Court remand the reexamination to the Patent Office to do what the *BMW* decision requires: "analyze [its] decision on a ground-by-ground basis," and "adequately explain [its] analysis as to the factual record before [it] on a ground-by-ground basis." *BMW*, 2025 U.S. Dist. LEXIS 55607, at *12-13, 21; ECF 1 ¶ 7.

### III.   ARGUMENT

#### A.   Legal Standards for a Motion to Dismiss

On a Rule 12(b)(1) motion challenging subject matter jurisdiction, the plaintiff bears the burden of showing that jurisdiction is proper. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). Where, as here, the movant mounts a facial challenge—contending that the complaint as pleaded fails to establish jurisdiction rather than disputing any jurisdictional fact—the Court assumes the truth of the complaint's allegations and construes them in the plaintiff's favor. *Id.*

#### B.   This Court Has Jurisdiction Over Roku's Claim

##### 1.   Roku's Claim Challenges the USPTO's Reasoning, Not Patentability

The Supreme Court explained that "[t]he Administrative Procedure Act, which governs the proceedings of administrative agencies and related judicial review, establishes a scheme of 'reasoned decision making.'" *Allentown Mack Sales & Serv. v. NLRB*, 522 U.S. 359, 374 (1998) (quoting *State Farm*, 463 U.S. at 52). "Not only must an agency's decreed result be within the scope of its lawful authority, but the process by which it reaches that result must be logical and rational." *Allentown*, 522 U.S. at 374.

In the '584 Decision, the Patent Office determined that all the claims challenged in the '584 Reexam are patentable. ECF 1-1, at 5-6 ("Claims 1-99 are CONFIRMED"); ECF 1 ¶¶ 12, 54. Roku's APA claim does not seek judicial review of the Patent Office's patentability merits determination in the '584 Decision. Instead, Roku seeks judicial review of the Patent Office's lack of reasoned explanation in the '584 Decision. *See, e.g.*, ECF 1 ¶¶ 3-7, 9, 85, 86. Roku alleges that the Patent Office was "obligated" to resolve "every ground of rejection on the record

with reasoned explanation," and "articulate a rational connection between the facts found and the choice made," but did not do so in the '584 Reexam. *Id.* ¶¶ 85-86.

The Patent Office's merits determination and its explanation of how it reached that determination are two different things. *Allentown*, 522 U.S. at 374.

Roku's Complaint described Patent Office decision-making in the context of *ex parte* reexamination. ECF 1 ¶ 2. The Supreme Court has explained that the reexamination statute, 35 U.S.C. § 304, "allows the Director to institute proceedings on a claim-by-claim and ground-by-ground basis." *SAS*, 584 U.S. at 365-366. The *BMW* Court ruled that when terminating such a reexamination proceeding, the Patent Office must "analyze [its] decision on a ground-by-ground basis" and "adequately explain [its] analysis as to the factual record before [it] on a ground-by-ground basis." *BMW*, 2025 U.S. Dist. LEXIS 55607, at *12, 21. The Patent Office's failure to do so is arbitrary and capricious and a violation of the APA. *BMW*, 2025 U.S. Dist. LEXIS 55607, at *12-13; *see also* ECF 1 ¶¶ 26-27 (quoting *State Farm*, 463 U.S. at 43; *In re Vivint, Inc.*, 14 F.4th 1342, 1351 (Fed. Cir. 2021)).

The requested remedy confirms that Roku is not seeking merits review of patentability. Instead, Roku requested that the Court declare that the Patent Office's '584 Decision is arbitrary and capricious, set aside the decision, and remand the reexamination to the Patent Office to do what it is required to do by *BMW*: "analyze [its] decision on a ground-by-ground basis," and "adequately explain [its] analysis as to the factual record before [it] on a ground-by-ground basis." *BMW*, 2025 U.S. Dist. LEXIS 55607, at *12-13, 21; ECF 1 ¶ 7.

### 2. The Presumption Favoring Judicial Review Applies, and Section 306 Does Not Displace It

Under the APA, "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to

judicial review thereof." 5 U.S.C. § 702. The exception to § 702 relied on by the government for its motion is "statutes preclude judicial review." *Id.* § 701(a)(1).

In *Alarm.com*, "when determining whether a statute precludes judicial review, [courts] apply a 'strong presumption' in favor of judicial review." 26 F.4th at 1354 (cleaned up). "Although a statute need not explicitly state that judicial review is unavailable for preclusion to be found, the presumption of reviewability may be overcome only by clear and convincing indications … that Congress intended to bar review." *Id.* (cleaned up).

This presumption is not a mere interpretive tiebreaker. It reflects the judgment that when Congress wants to insulate agency action from judicial scrutiny, it says so, and that courts should not manufacture that intent out of statutory silence. The inquiry is whether the statute's text, structure, and history together supply the kind of clear and convincing indication needed to overcome the presumption. *Id.* at 1354-1355. Absent that showing, doubts are resolved in favor of review, not against it. *Id*.

Section 306 does not clear that high hurdle because it is not addressed to the kind of review Roku seeks. By its terms, Section 306 gives one party—"the patent owner"—a route to one forum, the Federal Circuit, under §§ 134 and 141 to 144, for review of one kind of determination: a decision "adverse to the patentability" of a claim. 35 U.S.C. § 306. As the Federal Circuit explained, the "particular agency action governed by" Section 306 is "the ultimate decision reached after an initiated *ex parte* reexamination has been conducted," and preclusion drawn from that provision reaches, "at most," the ultimate patentability decision. *Alarm.com*, 26 F.4th at 1358. A challenge to whether the agency *explained* its decision is a different thing entirely. After all, a statutory provision that channels substantive patentability

8

review raises no negative inference about a party's ability to test the agency's compliance with the APA's reasoned decision making requirement.

The government's contrary view—that by naming who may obtain substantive review, Congress silently foreclosed every other party and every other kind of relief—is precisely the inference that *Sackett v. EPA* forbids. 566 U.S. 120, 129 (2012). As the Supreme Court held when emphasizing the importance of the APA's presumption of judicial review, "if the express provision of judicial review in one section of a long and complicated statute were alone enough to overcome the APA's presumption of reviewability for all final agency action, it would not be much of a presumption at all." *Sackett*, 566 U.S. at 129.

That principle is "especially strong" here because the one determination Congress *did* expressly insulate—the no-substantial-new-question decision under § 303(c)—does not encompass Roku's claim, confirming that Congress knew how to bar review when it meant to. *Alarm.com*, 26 F.4th at 1357. Nor does the broader structure of the Patent Act help the government. That Congress gave *inter partes* review petitioners express appeal rights while withholding them from reexamination requesters shows only that Congress calibrated *substantive* review across the two regimes; it says nothing about whether a requester may challenge the agency's failure to reason at all. And that makes sense. Nothing in the Patent Act's text or legislative history suggests that Congress intended to effectively grant the PTO boundless discretion to resolve reexaminations free from reasoned decision making and the ordinary judicial review that polices that discretion.

The government has not presented any "clear and convincing indications," *id.*, that § 303(c), § 306, or any other statute bars judicial review of Roku's claim that the Patent Office violated the APA by not providing reasoned explanation in the '584 Decision. The government's

9

statutory arguments are the same ones the Federal Circuit considered and rejected in *Alarm.com*. See *infra* Section III.C.2.[5]

The presumption therefore stands unrebutted, and this Court has jurisdiction over Roku's APA claim. 5 U.S.C. §§ 702-706; ECF 1 ¶¶ 1, 22.

### 3.    Caselaw From the Federal Circuit and This District Permits Review of an Unexplained Reexamination Decision

*Alarm.com*, *Ethicon, Inc. v. Quigg*, 849 F.2d 1422 (Fed. Cir. 1988), and *BMW* confirm that district courts have jurisdiction to hear APA challenges to Patent Office determinations in *ex parte* reexamination.

In *Alarm.com*, the third-party requester of an *ex parte* reexamination sought judicial review of the Patent Office's determination to vacate the reexamination based on the estoppel provision in § 315(e). 26 F.4th at 1350. The Federal Circuit held that the district court had jurisdiction over the requester's APA claim and reversed the dismissal, rejecting the district court's conclusion that "the overall *ex parte* reexamination scheme precludes judicial review of the Director's vacatur decisions." *Id.* at 1354.

In *Ethicon*, the requester sought review of the Patent Office's determination to stay the reexamination pending parallel district court litigation. 849 F.2d at 1424-1425. The district court granted summary judgment against the requester on the merits, and the Federal Circuit reversed the stay. *Id.* at 1423. The Federal Circuit in *Syntex* characterized *Ethicon* as "recogniz[ing], *sub silentio*, that the requester ha[s] a right to have a reexamination proceed, once instigated, and that

---

[5] Court skepticism of intellectual property statutes precluding judicial review is not limited to the Federal Circuit. The Fourth Circuit rejected the Patent Office's arguments that the Lanham Act precluded an APA claim in *Bacardi & Co. v. United States PTO*, 104 F.4th 527 (4th Cir. 2024). In *Bacardi*, the Fourth Circuit concluded that "[t]he presumption favoring judicial review of administrative action remains unrebutted" and reversed the district court's dismissal for lack of jurisdiction. *Id.* at 535.

the district court ha[s] jurisdiction to vindicate that right." *Syntex (U.S.A.) Inc. v. U.S. Patent & Trademark Office*, 882 F.2d 1570, 1574 (Fed. Cir. 1989).[6]

In *BMW*, the requester sought review of the Patent Office's determination to vacate the reexamination based on the same art or arguments provisions of § 325(d). 2025 U.S. Dist. LEXIS 55607, at *5. The plaintiff argued, among other things, that the Patent Office's determination was arbitrary and capricious because it "failed to consider relevant facts and other key issues." *Id.* at *5, 8. The government did not challenge jurisdiction in the *BMW* case. Ex. B, Docket for 24-cv-235-PGT-WEF (E.D. Va.).

The district court (Judge Tolliver Giles) in *BMW* granted summary judgment to the plaintiff on the merits and ruled that the Patent Office violated the APA and remanded the reexamination to the Patent Office "due to the Director's failure to adequately explain her analysis as to the factual record before her on a ground-by-ground basis." 2025 U.S. Dist. LEXIS 55607, at *12-13, 21. The Patent Office did not appeal the *BMW* Court's judgment. Although Roku quoted *BMW* in its Complaint (ECF 1 ¶¶ 2, 3, 7, 9, 85), the government does not cite or discuss *BMW* in its brief.

Nevertheless, the government previously stated to a court in this District (Judge Brinkema) that *Alarm.com*, *Ethicon*, and *BMW* have "nothing to do with the merits of an *ex parte* reexamination decision." Ex. C, Reply Brief in *Bazooka-Farmstar, LLC v. Squires*, 25-cv-02178 (E.D. Va.), at 7. The government stated that "[r]ather, *Ethicon*, along with *Alarm.com* and *BMW*,

---

[6] Although the Federal Circuit in *Ethicon* did not "discuss[ ] jurisdictional issues," *Syntex*, 882 F.2d at 1574, the Federal Circuit in both *Alarm.com* and *Syntex* cited *Ethicon* as authority. *Alarm.com*, 26 F.4th at 1359-1360; *Syntex*, 882 F.2d at 1574.

all concerned review of the USPTO Director's authority to deny or manage *ex parte* reexamination proceedings in the absence of a clear bar to judicial review." *Id.* at 7.[7]

That description fits this case. Roku's claim seeks review of the Patent Office's failure to explain the '584 Decision—by the government's own account, a challenge to the agency's "authority to . . . manage *ex parte* reexamination proceedings in the absence of a clear bar to judicial review." *Id.* at 7; *see also id.* at 2 ("the cases that Bazooka does cite . . . concern judicial review of the USPTO Director's authority to . . . manage *ex parte* reexamination proceedings").

Once the Patent Office launches an *ex parte* reexamination proceeding, the APA's "scheme of reasoned decision making" applies to the proceeding. *Allentown*, 522 U.S. at 374 (cleaned up). Whether the Patent Office used "reasoned decision making" in the proceeding is a part of the Patent Office's "authority to . . . manage *ex parte* reexamination proceedings" and is subject to judicial review. *Allentown*, 522 U.S. at 374; Ex. C, at 7.

Applying the APA's "scheme of reasoned decision making" to *ex parte* reexamination is part of Roku's "right to have a reexamination proceed, once instigated," and this Court "ha[s] jurisdiction to vindicate that right." *Allentown*, 522 U.S. at 374; *Syntex*, 882 F.2d at 1574 (characterizing *Ethicon*, 849 F.2d at 1422). The Patent Office's lack of reasoned explanation in the '584 Decision "defeated a specific obligation of the PTO imposed by Congress" through the APA. *Syntex*, 882 F.2d at 1574. As the government stated in the *Bazooka-Farmstar* case, there is no "clear bar to judicial review" of such a claim. Ex. C, at 7.

---

[7] The government's brief in this case cites a hearing transcript from the *Bazooka-Farmstar* case. ECF 16, at 8.

12

C.    **Each of the Government's Arguments Depends on Recharacterizing Roku's Claim as a Challenge to Patentability**

The government's motion to dismiss rests on the flawed premise that Roku seeks to challenge the Patent Office's patentability merits determination in the '584 Reexam. ECF 16, Op. Br., at 5, 9. That is wrong. See *supra* Section III.B.1.

Nor is Roku's request for vacatur and remand an end-run around *Syntex*. Vacatur and remand are ordinary APA remedies for inadequate agency reasoning. *DHS v. Regents of the Univ. of Cal.*, 591 U.S. 1, 20 (2020). They do not dictate the patentability outcome; they require the agency to explain its decision on a lawful basis.

Once the Court discards the government's flawed premise about Roku's claim, the government's arguments about the *Syntex* case, statutory interpretation, and the *Bazooka-Farmstar* case do not support its motion.

### 1.  *Syntex* Does Not Reach a Challenge to the Agency's Reasoning

The government asserts that *Syntex* "bars this suit." ECF 16, at 6. It does not. *Syntex* bars one thing: a third-party requester's attempt to relitigate the substantive result of a reexamination. The requester there sought exactly that: a "proper reexamination" that would reach a different patentability outcome. *Syntex*, 882 F.2d at 1571-1572.

Roku seeks nothing of the kind. It does not ask this Court to declare the '584 claims unpatentable, to disturb the Patent Office's patentability judgment, or to substitute the Court's view for the agency's. Roku asks only that the agency explain the decision it made.

That difference is dispositive. And the Federal Circuit has since confirmed that. In *Alarm.com*, the appeals court held that *Syntex* "bars requesters from obtaining review of the decision reached after the *ex parte* reexamination is conducted—a bar that extends to review of procedural irregularities *if they amount to an attempt to set aside the outcome of the*

13

*reexamination.*" 26 F.4th at 1359 (emphasis added). That italicized qualification is the line that separates Roku's case from *Syntex*, and it is the line that the government airbrushes from its motion. *Syntex* forecloses a procedural challenge only when the procedural label is a vehicle for undoing the outcome.

Not so here. The relief Roku seeks would leave the Patent Office free to reconfirm every one of the '584 claims on remand, provided it can properly explain why. Roku does not contest—and this Court has no authority under the APA to deliver—any particular patentability result. If the agency supplies the ground-by-ground analysis that *BMW* requires and again concludes the claims are patentable, the determination stands, unreviewable at Roku's behest in an action of this kind. What vacatur and remand would set aside here is not the agency's judgment that the claims are patentable, but the agency's silence about why.

There is nothing remarkable about this. It is precisely what the Supreme Court recognized in *Biden*: the agency "is entitled to reexamine the problem, recast its rationale and [even] reach the same result." *Biden v. Texas*, 597 U.S. 785, 813 (2022) (quoting *SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947)). And, of course, the remedy Roku seeks here would leave the agency free to reach the identical result if it could adequately explain how that result makes sense under the *BMW* analysis. Because a remedy that leaves the agency at liberty to reach the same substantive result on remand cannot, by definition, be "an attempt to set aside the outcome of the reexamination," *Syntex* is irrelevant.

This is not a fenceless reading of *Alarm.com*. The court there drew the same distinction Roku draws, holding that *Block-Fausto* preclusion "does not extend as far as this case, where Alarm.com does not seek review of *the outcome of the reexamination*." *Alarm.com*, 26 F.4th at 1359 (emphasis added). And it located *Syntex* preclusion specifically at "the ultimate decision

14

reached after an initiated *ex parte* reexamination has been conducted," governed by §§ 306, 134(b), and 141(b). *Id.* at 1358. Roku's claim is not addressed to that ultimate patentability decision. It is addressed to the agency's failure, in terminating a reexamination it had opened on multiple grounds and in which it had finally rejected every claim, to perform the analysis that termination requires. That is a challenge to how the agency "manage[d] *ex parte* reexamination proceedings"—the government's own words for what *Alarm.com*, *Ethicon*, and *BMW* permit—not a collateral attack on the merits. Ex. C, at 7.

The government's contrary reading proves too much. On its theory, the moment the Patent Office announces a patentability result, every aspect of how it got there—including whether it reasoned at all—becomes unreviewable, because any challenge can be recast as an effort to disturb the result. *Alarm.com* forecloses that move. Preclusion reaches the outcome, not the reasoning that is supposed to support it. Indeed, no Reexamination Certificate has yet issued for the '584 Patent, so Roku does not even challenge "the validity of the Reexamination Certificate" that *Syntex* addressed. 882 F.2d at 1576; Ex. A. But the point does not depend on that timing. Even after a certificate issues, *Alarm.com* leaves a requester free to challenge the agency's failure to explain, so long as the challenge does not seek to undo the substantive result. Roku's does not.

### 2. Neither Section 303(c) nor Section 306 Bars a Claim Directed to the Agency's Explanation

The government's interpretation of the reexamination statutes (ECF 16, at 8-11) rehashes arguments the Federal Circuit already addressed in *Alarm.com*. 26 F.4th at 1354-1362. As in *Alarm.com*, those arguments are not "clear and convincing indications" that any statute bars Roku's claim. *Id.* at 1354. The presumption of judicial review therefore remains unrebutted. See *supra* Section III.B.2.

15

a.        Section 303(c) does not bar Roku's claim

The Federal Circuit explained in *Alarm.com* that "the only portion of the ex parte reexamination statutory scheme that expressly precludes judicial review is § 303(c), but the preclusion established by that text is narrowly defined" as to the Patent Office's determination that no substantial new question of patentability has been raised. 26 F.4th at 1355. Section 303(c) does not bar Roku's claim: Roku is not seeking judicial review of any determination regarding a substantial new question of patentability. ECF 1 ¶ 25.

In *Alarm.com*, the Federal Circuit found that the Patent Office's determinations at issue were "outside the scope of § 303(c)" and applying the statute to the determinations at issue would "breach the provision's textual limits," "be contrary to [prior] decisions addressing § 303(c)," and "would run counter to precedents adhering to the textual limits of other non-reviewability provisions in Title 35." 26 F.4th at 1355-1356. So too here: § 303(c) does not reach a claim about the adequacy of the agency's explanation. *Compare Alarm.com*, 26 F.4th at 1355-1356, *with* ECF 1 ¶ 25.

The government argued in *Alarm.com*, and similarly argues here, that the reexamination statutes as a whole "implicitly preclude judicial review" of an APA claim. *Alarm.com*, 26 F.4th at 1356; ECF 16, at 9-10. But the Federal Circuit explained in *Alarm.com* that such an argument runs afoul of the principle expressed by the Supreme Court in *Sackett v. EPA*: "if the express provision of judicial review in one section of a long and complicated statute were alone enough to overcome the APA's presumption of reviewability for all final agency action, it would not be much of a presumption at all." *Alarm.com*, 26 F.4th at 1357 (quoting 566 U.S. 120, 129 (2012)). The Federal Circuit stated in *Alarm.com* that "the principle is especially strong where Congress has affirmatively included a bar on review of certain determinations and that express bar does

16

not encompass the determination in question (as is true of § 303(c))." *Alarm.com*, 26 F.4th at 1357. That principle applies with the same force here.

> b.   Section 306 does not bar Roku's claim

In *Alarm.com*, the Federal Circuit also addressed § 306 and concluded that statute did not support implicit preclusion of judicial review of the Patent Office determinations at issue. 26 F.4th at 1358. In *Alarm.com* the Court explained that the "particular agency action governed by" § 306 and the statutes it in turn cites, §§ 134(b) and 141(b), is "the ultimate decision reached after an initiated ex parte reexamination has been conducted," and thus the Supreme Court's decision in *Block v. Community Nutrition Institute* "at most supports the conclusion that those provisions implicitly preclude requesters from seeking judicial review of *that particular agency* action." *Id.* (emphasis in original) (citing 467 U.S. 340 (1984)). Roku does not seek review of that ultimate decision. See *supra* Section III.B.1. Section 306 therefore does not reach Roku's claim.

The government cites legislative history that postdates the enactment of the original reexamination statutes. ECF 16, at 11 (citing history from 1999, 2008, and 2011). But the Federal Circuit in *Alarm.com* addressed legislative history of *ex parte* reexamination, including around the time of enactment of the reexamination statutes in the 1980s, and concluded that "the legislative history evidence . . . is too weak to supplant the text and accompanying presumption of judicial review" for the Patent Office determination at issue. 26 F.4th at 1362. The history the government cites is weak for the same reasons. *Id.* at 1360-1362.

> **3.   The *Bazooka-Farmstar* Plaintiff Sought a Ruling on Patentability; Roku Does Not**

The government's citation of the hearing transcript from the *Bazooka-Farmstar* case and assertion that "another jurist of this Court recently agreed that the Federal Circuit's decision in *Syntex* is binding" are not persuasive. ECF 16, at 8. The plaintiff in *Bazooka-Farmstar*

17

challenged the Patent Office's patentability merits determination, as the plaintiff's complaint shows in asking the district court to order the Patent Office to (1) "issue a final office action finding all claims of the '557 Patent unpatentable as obvious," and (2) "issue a certificate of unpatentability canceling the claims of the '557 Patent as unpatentable." Ex. D, Complaint in *Bazooka-Farmstar*, *LLC v. Squires*, 25-cv-02178 (E.D. Va.), at 30. Unlike *Bazooka-Farmstar*, Roku's claim does not seek judicial review of the patentability merits determination. See *supra* Section III.B.1.

### D. The Government Does Not Dispute That Roku's APA Allegations Are Sufficient

Roku has alleged that the Patent Office violated the APA by not providing reasoned explanation in the '584 Decision. See *supra* Section II.C.

The government's motion is jurisdictional. At this stage, the Court need not decide whether Roku will ultimately prove an APA violation; it need only decide whether Congress clearly barred review of Roku's claim that the Patent Office failed to provide the reasoned explanation the APA requires.

## IV. CONCLUSION

Roku does not challenge the Patent Office's patentability determination; it challenges the agency's failure to explain one. Neither § 303(c) nor § 306 clearly and convincingly forecloses review of that failure, and *Alarm.com* holds those provisions reach only the ultimate decision on the merits. The government offers no answer to *BMW*, which required ground-by-ground reasoning and which it did not appeal, and no way to reconcile its position here with its representation to another court in this District that *Alarm.com*, *Ethicon*, and *BMW* have "nothing to do with the merits of an *ex parte* reexamination decision." The motion to dismiss should be denied.

18

Dated: July 30, 2026

Respectfully submitted,

/s/ *Craig C. Reilly*

Craig C. Reilly (VSB #20942)
429 N. St. Asaph Street
Alexandria, VA 22314
Tel: (703) 549-5354
craig.reilly@ccreillylaw.com

*OF COUNSEL:*

James L. Lovsin (pro hac vice)
Paul H. Berghoff (pro hac vice)
Alexandra E. Criner (pro hac vice)
McDonnell Boehnen Hulbert & Berghoff LLP
300 S. Wacker Drive, Suite 3100
Chicago, IL 60606-6709
Tel: (312) 913-0001

*Attorneys for Plaintiff Roku, Inc.*

19

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 30, 2026, I filed the foregoing document using the

CM/ECF system, which will send a notification of such filing to all counsel of record.


/s/ *Craig C. Reilly*
Craig C. Reilly