# EXHIBIT C

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

| | | |
|---|---|---|
| BAZOOKA-FARMSTAR, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:25-cv-2178 (LMB/WBP) |
| | ) | |
| JOHN A. SQUIRES, in his official capacity as | ) | |
| Under Secretary of Commerce for Intellectual | ) | |
| Property and Director, United States Patent and | ) | |
| Trademark Office; and the UNITED STATES | ) | |
| PATENT AND TRADEMARK OFFICE, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

## REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

While creative in its attempt to sidestep the Patent Act's clear statutory directive, Bazooka's Opposition (Dkt. 21) cannot overcome that under 35 U.S.C. § 306, third-party requesters like Bazooka have no right to an appeal of an unfavorable decision in an *ex parte* reexamination proceeding—even if, as Bazooka alleges here, that decision conflicts with other decisions of the U.S. Patent and Trademark Office ("USPTO").[1] Having no recourse in the precise statutory language of the Patent Act, Bazooka turns to the Administrative Procedure Act ("APA") for relief instead. But Bazooka's reliance on the APA's general presumption favoring judicial review is misplaced, as the Patent Act more specifically determines who may (patent owners), and thus who may not (third parties), challenge an adverse reexamination decision on patentability.

---

[1] The USPTO does not concede that the *ex parte* reexamination decision challenged here by Bazooka conflicts with the *inter partes* review decisions for related patents, as Bazooka alleges. While directed to similar claims, the decisions were made in different proceedings and on different records.

Bazooka's arguments based on the case law do not fare any better. Bazooka fails to distinguish *Syntex (U.S.A.) v. USPTO*, 882. F.2d 1570 (Fed. Cir. 1989), which affirmed Judge Hilton's decision that the court lacked jurisdiction to consider a third party's challenge to a final reexamination decision on patentability. And the cases that Bazooka does cite to support its argument concern judicial review of the USPTO Director's authority to deny or manage *ex parte* reexamination proceedings, neither of which is at issue here.

Accordingly, for the reasons stated below and in Defendants' opening brief (Dkt. 13), Defendants respectfully request that this Court grant their motion and dismiss Bazooka's complaint.

## ARGUMENT

### I.      Bazooka's arguments are contrary to the Patent Act's text.

Bazooka argues that "no section of the Patent Act expressly precludes Bazooka from seeking judicial review" of the USPTO's decision to issue a Reexamination Certificate for the '557 patent. Opp'n at 6 (capitalization removed). Bazooka does not own the '557 patent. And § 306 of Title 35 states that "*the patent owner* involved in a reexamination proceeding under this chapter may appeal . . . and may seek court review . . . with respect to any decision adverse to the patentability of any original or proposed amended or new claim of the patent." 35 U.S.C. § 306 (emphasis added). It follows, then, that Bazooka does not have the ability to "appeal" or "seek court review" of an adverse decision of the '557 patent because it does not own the '557 patent. *See* Defs.' Br. (Dkt. 13) at 9-11.

Bazooka seeks to avoid this logical result by reading the lack of the modifier "only" before "patent owner" in § 306 as impliedly authorizing a non-owner to seek review in an Article III court under the APA. Opp'n at 7. But "the patent owner" means just that—"the patent owner," and not

2

a non-owner third party like Bazooka. Bazooka attempts to bolster its argument by quoting 35 U.S.C. § 141(b), Opp'n at 7, which states in relevant part that "[a] *patent owner* who is dissatisfied with the final decision in an appeal of a reexamination to the [PTAB] . . . may appeal the Board's decision *only* to the United States Court of Appeals for the Federal Circuit." (emphases added). According to Bazooka, because (a) Congress used *only* in § 141(b) when specifying where a patent owner may bring a judicial challenge to a reexamination decision, (b) Congress did not use *only* in § 306, and (c) the APA generally favors review of agency decisions, then (d) it follows that § 306—administrative review and judicial appeal of adverse reexamination decisions—does *not* prevent review under the APA. This reading of the statute, however, completely ignores that Congress once again limited Article III review to "a patent owner" in § 141(b). This reading effectively interprets "patent owner" to encompass a non-owner, and thus to reach a result that Congress never intended. *See Ethicon, Inc. v. Quiggs*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988) (finding Congress' silence about stays could not "countermand" the instruction to conduct reexaminations "with special dispatch."). Bazooka's interpretation does not match the plain language of § 306, and as such cannot permit substantive review of the reexamination decision here.

**II.      Bazooka's reliance on the APA's general provision for judicial review is misplaced.**

Much of Bazooka's Opposition is devoted to its argument that the presumption favoring judicial review in the APA means that this Court has jurisdiction over its challenge to the merits of the reexamination decision. Opp'n at 4-6. This reliance is misplaced.

As described in the USPTO's opening brief, 35 U.S.C. § 306 precludes third-party requesters like Bazooka from challenging the validity of the Reexamination Certificate. Defs.' Br. at 2-4, 9-12. The Federal Circuit has repeatedly affirmed this. *See Syntex (USA) Inc. v. USPTO*,

3

882 F.2d 1570, 1573 (Fed. Cir. 1989) ("[T]he statute specifically prohibits further participation by third-party requesters during reexamination."); *Joy Mfg. Co. v. Nat'l Mine Serv. Co.*, 810 F.2d 1127, 1130 (Fed. Cir. 1987) (after its reply, "the requestor[] has no future role to play in the *ex parte* proceeding").

"Congress did not intend the general grant of review in the APA to duplicate existing procedures for review of agency action." *Bowen v. Mass.*, 487 U.S. 879, 903 (1988). In other words, the APA "does not provide additional judicial remedies in situations where the Congress has provided special and adequate review procedures." *Id.* Bazooka's Opposition fails to explain how the specific statutory language in § 306 is overcome by the general presumption of the APA that agency action is subject to review. Nor can it, as §§ 305 and 306 narrow the universe of those entitled to judicial review to just the patent owner. Bazooka's reliance on the general presumption favoring judicial review of agency decisions does not change that Congress has restricted the availability of judicial review of *ex parte* reexamination patentability decisions. *Cf. Bowen*, 487 U.S. at 883 (holding that jurisdiction over APA challenge to final order of Secretary of Health and Human Services denying states reimbursement for Medicare expenses was proper because of "the plain language of the relevant statutes, their legislative history, and a practical understanding of their efficient administration").

### III. Bazooka fails to distinguish *Syntex*.

As described in the USPTO's opening brief, *Syntex* held that a third-party requester has "no right to challenge the validity of the Reexamination Certificate by suit against the PTO." Defs.' Br. at 8 (quoting *Syntex*, 882 F.2d at 1576). Bazooka argues that its challenge to the validity of the Reexamination Certificate is "fundamentally different" from that in *Syntex* because *Syntex* "involved a request for judicial management of the procedural details of a reexamination" whereas

4

here there are purportedly inconsistent decisions on patentability present, *i.e.*, more substantive concerns. Opp'n at 9. *Syntex* was not as limited as Bazooka reads it to be. As Bazooka acknowledges, the Federal Circuit *rejected* Syntex's argument that the Patent Act "impliedly granted it a right to review of the PTO's final decision at least in instances where it is alleged that the reexamination proceeding was not conducted in accordance with PTO regulations and established procedures." Opp'n at 8-9 (cleaned up) (quoting *Syntex*, 882 F.2d at 1571). That logic—that Congress did not make an implicit grant of a right to judicial review of a reexamination decision—applies with equal force to Bazooka's argument that § 306 impliedly grants Bazooka a right of review over the reexamination decision on the merits. *See Syntex*, 882 F.2d at 1574 (equating an attack to a decision on procedural grounds with a challenge to the final reexamination decision). As the Federal Circuit concluded in *Syntex*, "[t]he creation of a right or remedy in a third party to challenge a result favorable to a patent owner after *ex parte* prosecution would be unprecedented, and . . . such a right cannot be inferred." *Id.* at 1754-75; *see also id.* at 1576 ("[W]e conclude that such a requester has no right to challenge the validity of the Reexamination Certificate by suit against the PTO."). Accordingly, Bazooka cannot distinguish *Syntex*, and the same result—dismissal for lack of jurisdiction—is merited here.

## IV.  The cases Bazooka cites are inapposite.

Finally, Bazooka cites three cases for the proposition that "the Federal Circuit and this Court have permitted judicial review of *ex parte* reexamination decisions that resulted in the patent withstanding a validity challenge, just as Bazooka seeks here." Opp'n at 13. Those cases did not concern whether a third-party requestor was permitted to challenge the merits of a reexamination decision and therefore are inapposite.

5

In *Alarm.com v. Hirshfeld*, the Federal Circuit held that a third-party requestor could bring an APA challenge to the USPTO Director's decision to vacate an *ex parte* reexamination (and thus deny a reexamination request) based on the estoppel provision of the *inter partes* review regime, 35 U.S.C. § 315(e)(1). 26 F.4th 1348, 1350-51 (Fed. Circ. 2022). In fact, *Alarm.com* expressly reiterated *Syntex*'s holding that § 306 bars third-party requesters, like Bazooka, "from obtaining review of the decision reached after the *ex parte* reexamination is conducted." 26 F.4th at 1359. And judicial review was premised on the fact that 35 U.S.C. § 303(c) explicitly bars judicial review (by any party) of the Director's decision to deny a reexamination based on the lack of a substantial new question of patentability under § 303(a), but does not bar review of other statutory determinations. *Id.* at 1355-56 (holding that 35 U.S.C. § 303(c)'s review bar does not apply to a determination under § 315(e)(1)); *see also In re Vivant*, 14 F.4th 1342, 1350 (Fed. Cir. 2021) (same for a determination under § 325(d)).

In *BMW of North America v. Vidal*, Judge Giles reviewed the USPTO's reconsideration of a decision ordering *ex parte* reexamination under 35 U.S.C. § 325(d), finding the agency acted arbitrarily and capriciously. 2025 WL 904687, at *4 (E.D. Va. Mar. 25, 2025). The decisions at issue in *Alarm.com* and *BMW* had nothing to do with the merits of a final reexamination decision. As Bazooka concedes, Opp'n at 12, both *Alarm.com* and *BMW* involved decisions to vacate reexamination proceedings before a decision on patentability. These decisions are therefore inapposite to the Court's analysis of § 306 here, which explicitly grants review of the final reexamination decision only to the patent owner.

Finally, Bazooka cites *Ethicon, Inc. v. Quigg*, 849 F.2d 1422 (Fed. Cir. 1988), Opp'n at 11, which the Federal Circuit decided one year before *Syntex*. In that case, the Federal Circuit considered whether the USPTO Director had the authority to stay reexamination proceedings

6

pending the outcome of district court litigation. 849 F.2d at 1423. The jurisdictional issue was not raised. *See Syntex*, 882 F.2d at 1574; *id.* at 1574-75 (distinguishing *Ethicon* based on the absence of a clear bar to judicial review). And the Federal Circuit held that the plain meaning of the relevant statutory language in 35 U.S.C. § 305—that all reexamination requests were to be conducted "with special dispatch"—precluded a stay of the reexamination. *Ethicon*, 849 F.2d at 1225-36. As with *Alarm.com* and *BMW*, the decision in *Ethicon* had nothing to do with the merits of an *ex parte* reexamination decision. Rather, *Ethicon*, along with *Alarm.com* and *BMW*, all concerned review of the USPTO Director's authority to deny or manage *ex parte* reexamination proceedings in the absence of a clear bar to judicial review. They do not lend support to Bazooka's position that this Court has jurisdiction under § 306 to consider the merits of a challenge to a Reexamination Certificate brought by a third-party requestor.

## CONCLUSION

For the reasons stated here and in Defendants' opening brief (Dkt. 13), Defendants respectfully request that this Court grant their motion and dismiss Bazooka's complaint.

//

Dated: March 2, 2026

Respectfully submitted,

TODD W. BLANCHE
DEPUTY ATTORNEY GENERAL

By: _____/s/_____
MEGHAN LOFTUS
Assistant United States Attorney
Office of the United States Attorney
Justin W. Williams U.S. Attorney's Building
2100 Jamieson Avenue
Alexandria, Virginia 22314
Tel:     (703) 299-3757
Fax:     (703) 299-3983
Email: meghan.loftus@usdoj.gov

*Counsel for Defendants*