**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | | |
|---|---|---|
| ROKU, INC.,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES PATENT AND TRADEMARK OFFICE, and JOHN A. SQUIRES, in his official capacity as Under Secretary of Commerce for Intellectual Property and Director, United States Patent and Trademark Office.<br><br>Defendants. | ) | Case No. 1:26-cv-1127 (MSN/WBP) |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANTS' MOTION TO DISMISS**

Pursuant to Federal Rule of Civil Procedure 12(b)(1) and Local Civil Rule 7, Defendants John A. Squires, in his official capacity, and the United States Patent and Trademark Office ("USPTO") respectfully submit this reply memorandum of law in support of their motion to dismiss the Complaint for lack of subject matter jurisdiction.

**INTRODUCTION**

Plaintiff's Opposition (Dkt. 21) confirms that its Administrative Procedure Act ("APA") challenge to the USPTO's decision in the '584 reexamination is not simply a request for the agency to "show its work" but rather goes to the very heart of review that Congress has foreclosed by statute. There is no statute that requires the USPTO to engage in a ground-by-ground analysis when it determines that there is no substantial new question of patentability. Plaintiff's reliance on Supreme Court dicta that 35 U.S.C. § 304 requires such review is misplaced, all the more so where the Supreme Court's dicta spoke of initiating ex parte reexaminations, not terminating them, as is

the situation here. Furthermore, Plaintiff's reliance on the APA's general provision for judicial review does not overcome the limited remedies available for patent owners that Congress created. Finally, Plaintiff can find no support for its position in Federal Circuit case law. It fails to distinguish *Syntex (USA) Inc. v. USPTO*, 882 F.2d 1570 (Fed. Cir. 1989). And the other cases it purports to rely on do not support its cause. Accordingly, Defendants request that the Court dismiss Plaintiff's Complaint for lack of subject matter jurisdiction.

## ARGUMENT

### I. Plaintiff's challenge here is actually to the substantial new question of patentability determination, which it is foreclosed from challenging by 35 U.S.C. § 303(c).

Plaintiff claims that it seeks "limited" relief that does not disturb the merits of the USPTO's decision on patentability. Opp'n at 5, 6. Rather, Plaintiff merely seeks judicial review of the USPTO's alleged "lack of reasoned explanation" in the '584 decision. *Id.* at 6. According to Plaintiff, the remedy it seeks "would leave the agency free to reach the identical result if it could adequately explain how that result makes sense under the *BMW* analysis." *Id.* at 14 (emphasis added); *see also id.* (arguing that the USPTO is free to reach the same result on remand, "provided it can properly explain why" (emphasis added)). This use of the conditional—"provided," "if"—exposes the flaw in Plaintiff's argument. Plaintiff believes that the USPTO cannot explain why it reached its decision finding the claims patentable, and, absent that explanation, would reverse course and find the claims unpatentable. Or, stated differently, Plaintiff is asking the USPTO to justify its decision that no substantial new question of patentability is present here—a decision that Congress has determined is "final and nonappealable." 35 U.S.C. § 303(c). Plaintiff is using the APA "as a backdoor to relitigate the result of a reexamination," Opp'n at 2 (emphasis in original), which it concedes is foreclosed by *Syntex*, *id.* at 2.

**II. Section 304 does not require a ground-by-ground analysis here.**

Plaintiff urges this Court to adopt the reasoning in *BMW of North America v. Vidal*, 2025 WL 904687 (E.D. Va. Mar. 25, 2025), and permit this case to move forward. *See, e.g.*, Opp'n at 1. But as discussed below, this case more closely resembles *Bazooka-Farmstar LLC v. Squires, et al.*, 1:25-cv-2178 (E.D. Va.), in which Judge Brinkema dismissed the third party requestor's APA challenge to an *ex parte reexamination* decision.

In *BMW*, the Court considered whether the Director of the USPTO appropriately exercised her discretion pursuant to 35 U.S.C. § 325(d) to terminate an *ex parte* reexamination proceeding because BMW, the third party requestor, had submitted the same prior art in support of that request that the USPTO had already rejected in three separate *inter partes* reviews ("IPR"). 2025 WL 904687, at *2. Specifically, BMW argued that the Director was required to apply the so-called *Becton* factors, which the USPTO had established for applying § 325(d) to decisions to initiate or terminate IPRs, in her decision to terminate the *ex parte* reexamination proceeding at issue. *Id.* Thus, the central challenge in that case was the extent of the Director's discretion under § 325(d). BMW also argued that the Director had conceded that all but one ground of patentability were the same or substantially the same as those set forth in the previously-submitted prior art. *Id.* at *4. BMW argued that these admissions indicated that the Director should have made her decision on a ground-by-ground basis, citing to *SAS Institute, Inc. v. Iancu*, 584 U.S. 357, 365-66 (2018). *Id.*

The Court recognized that BMW's argument of ground-by-ground consideration "is based on a <u>discussion</u> that the Supreme Court presented in *SAS Institute*." *Id.* (emphasis added). The central issue in *SAS Institute* was a statutory interpretation of 35 U.S.C. §318(a), which governs certain requirements for an IPR. In reaching that decision, the Supreme Court noted that § 304 "allows the Director to <u>institute</u> [*ex parte* reexamination] proceedings on a claim-by-claim and

ground-by-ground basis." 584 U.S. at 365-66 (emphasis added). Arguably, the Supreme Court's "discussion" about § 304 in *SAS Institute* is dicta—the case concerned IPRs and an entirely different statutory provision than § 304. In *BMW*, the Court extrapolated this "discussion" about the requirements for initiating *ex parte* reexaminations to apply to terminating the same proceeding before a decision on patentability had been reached. *BMW*, 2025 WL 904687, at *4. In contrast, here, the '584 decision—the very decision that Plaintiff claims needs to be articulated on a ground-by-ground basis— is the decision on patentability. *See* Dkt. 1-1 at 5 (confirming the patentability of the claims). The '584 decision here, then, is fundamentally different from the one on which the Court permitted an APA challenge to move forward in *BMW*.

Defendants recognize that decisions from fellow jurists on the district court bench, like *BMW,* are not binding on this Court. Nevertheless, Judge Brinkema's opinion in *Bazooka-Farmstar* is instructive. There, as here, the plaintiff did not own the patent that was subject of the *ex parte* reexamination proceedings and thus was precluded by 35 U.S.C. § 306 from direct appeal of an unfavorable (to its position) decision on patentability. *Bazooka-Farmstar v. Vidal*, 1:25-cv-2178 (LMB-WEF), Compl. (Dkt. 1) ¶ 3 (E.D. Va.). Section 306 states that "the patent owner involved in a reexamination proceeding" may take an administrative appeal and may seek court review "with respect to any decision adverse to the patentability of any original or proposed amended or new claim of the patent." 35 U.S.C. § 306. The plaintiff argued that the lack of the modifier "only" before "the patent owner" meant that Congress had implicitly authorized non-patent owners to seek review in an Article III court under the APA. *Bazooka-Farmstar*, Opp'n (Dkt. 21) at 7. Judge Brinkema rejected that argument and granted the USPTO's motion to dismiss for lack of jurisdiction, relying on the Federal Circuit's decision in *Syntex*. *Bazooka-Farmstar*, Order (Dkt. 24); *id.*, Hr'g Tr. (Dkt. 25) at 10. The same result is merited here.

In short, Plaintiff claims that the '584 decision is violative of § 304 as "discussed" by the Supreme Court in *SAS Institute* and adopted by the *BMW* Court in interpreting the Director's discretion under § 325(d). On that thin reed, Plaintiff argues that the USPTO acted arbitrarily and capriciously in issuing the '584 decision. But, as Plaintiff must acknowledge, there is no explicit statutory directive that requires the Director to issue a decision articulating that there is no substantial new question of patentability on a ground-by-ground, claim-by-claim basis. What is explicit in the statutory text is that Plaintiff, who does not own the '584 patent, may not seek administrative appeal or Article III review of the patentability of the '584 patent, 35 U.S.C. § 306, and that the Director's decision "that no substantial new question of patentability has been raised will be final and nonappealable," *id.* § 303(c). But that is exactly what Plaintiff is attempting to do by camouflaging its patentability challenge in the garb of an APA claim. Plaintiff's claim should be dismissed.

## III. Plaintiff's reliance on the APA's general provision for judicial review is misplaced.

Plaintiff argues that the presumption favoring judicial review in the APA means that this Court has jurisdiction over its challenge here. Opp'n at 7-10. This reliance is misplaced.

As described in the USPTO's opening brief, 35 U.S.C. § 306 precludes third-party requesters like Plaintiff from challenging the merits of the USPTO's decision on reexamination. Defs.' Br. (Dkt. 16) at 2-4, 8-12. The Federal Circuit has repeatedly affirmed this. *See Syntex*, 882 F.2d at 1573 ("[T]he statute specifically prohibits further participation by third-party requesters during reexamination."); *Joy Mfg. Co. v. Nat'l Mine Serv. Co.*, 810 F.2d 1127, 1130 (Fed. Cir. 1987) (after its reply, "the requestor[] has no future role to play in the *ex parte* proceeding").

"Congress did not intend the general grant of review in the APA to duplicate existing procedures for review of agency action." *Bowen v. Mass.*, 487 U.S. 879, 903 (1988). In other

words, the APA "does not provide additional judicial remedies in situations where the Congress has provided special and adequate review procedures." *Id.* Plaintiff's rejoinder that "[a] challenge to whether the agency explained its decision is a different thing entirely" from review of the merits is an elevation of form over substance. Opp'n at 8. Sections 305 and 306 narrow the universe of those entitled to judicial review to just the patent owner—even if the challenge is simply directed at the USPTO explaining its reasoning. Plaintiff's reliance on the general presumption favoring judicial review of agency decisions does not change that Congress has restricted the availability of judicial review of *ex parte* reexamination patentability decisions. *Cf. Bowen*, 487 U.S. at 883 (holding that jurisdiction over APA challenge to final order of Secretary of Health and Human Services denying states reimbursement for Medicare expenses was proper because of "the plain language of the relevant statutes, their legislative history, and a practical understanding of their efficient administration").

## IV. Plaintiff fails to distinguish *Syntex*.

As described in the USPTO's opening brief, *Syntex* held that a third-party requester has "'no right to challenge the validity of the Reexamination Certificate by suit against the PTO.'" Defs.' Br. at 10 (quoting *Syntex*, 882 F.2d at 1576). Plaintiff agrees that *Syntex* "bars one thing: a third-party requestor's attempt to relitigate the substantive result of a reexamination." Opp'n at 13. Plaintiff attempts to distinguish *Syntex* by arguing that the requester there sought a "'proper reexamination' that would reach a different patentability outcome," whereas Plaintiff here "seeks nothing of the kind." Opp'n at 13. But as explained *supra*, that is exactly the kind of remedy Plaintiff seeks here—it does not believe the '584 decision is valid and wants the USPTO re-do it. This is similar to the argument made by the requester in *Syntex* that the Federal Circuit rejected—the Patent Act does not grant a third party requester an implied right to review of the USPTO

decisions. *Syntex*, 82 F.2d at 1572. As the Federal Circuit concluded in *Syntex*, "[t]he creation of a right or remedy in a third party to challenge a result favorable to a patent owner after *ex parte* prosecution would be unprecedented, and . . . such a right cannot be inferred." *Id.* at 1754-75. Accordingly, Plaintiff cannot distinguish *Syntex*, and the same result—dismissal for lack of jurisdiction—is merited here.

## V. ***Ethicon* and *Alarm.com* are inapposite.**

Finally, Plaintiff cites *Alarm.com v. Hirshfield*¸ 26 F.4th 1348 (Fed. Circ. 2022) and *Ethicon v. Quiggs*, 849 F.2d 1422 (Fed. Cir. 1988), for the proposition that "district courts have jurisdiction to hear APA challenges to Patent Office determinations in *ex parte* reexaminations." Opp'n at 10. Those cases are not as broad as Plaintiff reads them.

In *Alarm.com v. Hirshfeld*, the Federal Circuit held that a third-party requestor could bring an APA challenge to the USPTO Director's decision to vacate an *ex parte* reexamination (and thus deny a reexamination request) based on the estoppel provision of the IPR regime, 35 U.S.C. § 315(e)(1). 26 F.4th 1348, 1350-51 (Fed. Circ. 2022). In fact, *Alarm.com* expressly reiterated *Syntex*'s holding that § 306 bars third-party requesters, like Plaintiff, "from obtaining review of the decision reached after the *ex parte* reexamination is conducted." *Id.* at 1359. The availability of judicial review in that case was premised on the fact that 35 U.S.C. § 303(c) explicitly bars judicial review (by any party) of the Director's decision to deny a reexamination based on the lack of a substantial new question of patentability under § 303(a), but does not bar review of other statutory determinations. *Id.* at 1355-56 (holding that 35 U.S.C. § 303(c)'s review bar does not apply to a determination under § 315(e)(1)); *see also In re Vivant*, 14 F.4th 1342, 1350 (Fed. Cir. 2021) (same, for a determination under § 325(d)).

The Federal Circuit decided *Ethicon, Inc. v. Quigg*, 849 F.2d 1422 (Fed. Cir. 1988) one year before *Syntex*. In that case, the Federal Circuit considered whether the USPTO Director had the authority to stay reexamination proceedings pending the outcome of district court litigation. *Id.* at 1423. The jurisdictional issue was not raised. *See Syntex*, 882 F.2d at 1574; *id.* at 1574-75 (distinguishing *Ethicon* based on the absence of a clear bar to judicial review). The Federal Circuit held that the plain meaning of the relevant statutory language in 35 U.S.C. § 305—that all reexamination requests were to be conducted "with special dispatch"—precluded a stay of the reexamination. *Ethicon*, 849 F.2d at 1225-36.

Neither *Alarm.com* nor *Ethicon* opened the doors to unfettered APA review of the USPTO's decisions on *ex parte* reexaminations. Rather, they concerned the Director's ability to deploy certain procedural tools to manage the *ex parte* reexamination process. Accordingly, they are not persuasive here.

**CONCLUSION**

For the foregoing reasons, as well as the reasons in Defendants' opening brief (Dkt. 16), Defendants respectfully request that this Court grant their motion to dismiss.

Dated: August 28, 2026

Respectfully submitted,

TODD W. BLANCHE
ACTING ATTORNEY GENERAL

THEOPHANI K. STAMOS
FIRST ASSISTANT UNITED STATES ATTORNEY

/s/

MEGHAN LOFTUS
Assistant United States Attorney
Office of the United States Attorney
Justin W. Williams U.S. Attorney's Building
2100 Jamieson Avenue
Alexandria, Virginia 22314
Tel: (703) 299-3757

Fax: (703) 299-3983
Email: meghan.loftus@usdoj.gov

*Counsel for Defendants*